By the Court—Hoffman, J.
The Code requires that a complaint shall contain a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition. (Code, § 142.)
It should at least comprise a statement of all the facts which, being proved or admitted, are essential to entitle the plaintiff to recover on the case he makes. The statement should be such that upon the face thereof assuming it to be true, the law alone (without the aid of a jury) draws a necessary conclusion that a cause of action exists in favor of the plaintiff, unless the defendant can avoid such conclusion by some new facts. (Page v. Boyd, 11 How. Pr. R., 415.)
The present complaint is palpably defective in the omission to state that the goods and chattels, which were insured, were lost, injured or damaged, by the fire. It is quite immaterial to any question between the plaintiff and these defendants whether he sustained any loss or how much loss he sustained by reason of a fire taking place in the cellar, unless the goods of the plaintiff mentioned in the policy, or some of them, were destroyed or injured.
As the plaintiff does not state how he sustained loss or in what the loss consisted, non constat, but the loss which he states was by injury to the building. The subject of the insurance was the goods and chattels of the plaintiff; and it is not averred that any goods or chattels of the plaintiff were destroyed or injured; and, therefore, no loss is shown which is covered by the policy, and no cause of action against the defendants appears.
Among the precedents in Abbott’s Pleadings and Forms (p. 186) is the form of a complaint upon a fire policy, which will, I think, afford a safe guide to the pleader. The order appealed from should be affirmed.
Order affirmed, with costs.